AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT

for the

Eastern District of Virginia

| | | |
|---|---|---|
| IN RE SEARCH OF ITEMS DESCRIBED IN ATTACHMENT A<br>LOCATED AT:<br>HSI EVIDENCE CONTROL ROOM<br>12200 SUNRISE VALLEY DRIVE<br>RESTON, VIRGINIA | ) | Case No. 1:24-SW-205<br>**UNDER SEAL** |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

SEE ATTACHMENT A, incorporated herein by this reference.

located in the Eastern District of Virginia, there is now concealed *(identify the person or describe the property to be seized)*:

SEE ATTACHMENT B, incorporated herein by this reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. §§ 2252(a) and 2251 | Records and Information Relating to Child Pornography, Child Erotica, and Visual Depictions of Minors Engaged in Sexually Explicit Conduct. |

The application is based on these facts:

SEE AFFIDAVIT of Department of Homeland Security, Homeland Security Investigations ("HSI") Special Agent Richard Greene, attached hereto and incorporated herein by this reference.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* __________ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

RICHARD A GREENE Digitally signed by RICHARD A GREENE Date: 2024.03.26 10:49:49 -04'00'

*Applicant's signature*

Richard Greene, HSI Special Agent

*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone *(specify reliable electronic means)*.

Date: 03/27/2024

Lindsey R Vaala Digitally signed by Lindsey R Vaala Date: 2024.03.27 10:49:48 -04'00'

*Judge's signature*

City and state: Alexandria, Virginia

Honorable Lindsey R. Vaala, U.S. Magistrate Judge

*Printed name and title*

## ATTACHMENT A

## DESCRIPTION OF THE ITEMS TO BE SEARCHED

The items to be searched are the following items:

**Items obtained pursuant to residential search of [redacted] Mount Pleasant, SC 29466 on April 28, 2023.**

- One Apple iPad Model A1219 - SN: HN0486CD238
- One Amazon Kindle Tablet - SN: G000PP1311850AGT
- One Amazon Kindle Tablet - SN: G000CPK11222104BG
- One Amazon Kindle Tablet Model SV986N- SN: 2AFTF1013
- One Amazon Kindle Tablet SN: ZAP756784
- One Apple iPad Pro A2228 SN: DMPFGHCANRC9
- One Apple iPad Model A1474 SN: DLXN5DTRFK11
- One HP ELITEBOOK 840GB SN: 5CG1348R3D
- One HP ELITEBOOK 820GB SN: 5CG7180TKB
- One Acer Chromebook SN: NKGC2AA024941013E87200
- One HP Probook SN: A2330821
- One Seagate HDD-Hard Drive SN: SVMILNTR
- One San Disk SSD- Hard Drive SN: 2238FL405496
- One Samsung SSD- Hard Drive SN: S3PTNF0JB70603V
- One Western Digital My Passport EXT HD SN: WX41E5095800T
- One San Disk Cruzer 32 GB- Hard Drive
- One San Disk Cruzer 8 GB- Hard Drive
- One San Disk Cruzer 16 GB- Hard Drive
- One San Disk SDHC Card 4GB- Hard Drive
- One Cannon Compact Flash Card FC - 32MH

- One Lexar Multi-use SDHC 4 GB- SD Card
- One San Disk 256 MB- SD CardOne Lexar SD Card 1GB
- One Lexar Multi-use SDHC 8 GB
- One Lexar Platinum II SDHC 8 GB
- One Dell Accision T3400 6MKRF-3JB8Q
- One Apple iMac A1418 SN: D25KG0SVDNMM
- One Apple iPhone A1387 BCG-E2430A
- One Blackberry 8330 MEID: A000000DB953F5859
- One Blackberry 8330 MEID: A000000DFF2FC1
- One Google Pixel Cellphone

The times are presently located at the "Evidence Control Room" of Homeland Security Investigations Reston Office located at 12200 Sunrise Valley Dr., Reston, VA, within the Eastern District of Virginia.

## ATTACHMENT B

## PROPERTY TO BE SEIZED

The following materials, which constitute evidence of the commission of a criminal offense, contraband, the fruits of crime, or property designed or intended for use or which is or has been used as the means of committing a criminal offense, namely violations of 18 U.S.C. §§ 2252(a) and 2251:

1. Records and information relating to child pornography, child erotica, and visual depictions of minors engaged in sexually explicit conduct;

2. For any computer or storage medium whose seizure is otherwise authorized by this warrant, and any computer or storage medium that contains or in which is stored records or information that is otherwise called for by this warrant (hereinafter, "COMPUTER"):

a. Evidence of who used, owned, or controlled the COMPUTER at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chats," instant messaging logs, photographs, and correspondence;

b. Evidence of software that would allow others to control the COMPUTER, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

c. Evidence of the lack of such malicious software;

d. Evidence indicating how and when the computer was accessed or used to determine the chronological context of computer access, use, and events relating to the crime(s) under investigation and to the computer user;

e. Evidence indicating the computer user's knowledge and/or intent as it relates to the crime(s) under investigation;

f. Evidence of the attachment to the COMPUTER of other storage devices or similar containers for electronic evidence;

g. Evidence of programs (and associated data) that are designed to eliminate data from the COMPUTER;

h. Evidence of the times the COMPUTER was used;

i. Passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER;

j. Documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;

k. Records of or information about Internet Protocol addresses used by the COMPUTER;

l. Records of or information about the COMPUTER's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses; and

m. Contextual information necessary to understand the evidence described in this attachment.

3. Routers, modems, and network equipment used to connect computers to the Internet;

4. Records, information, and items relating to the occupancy or ownership of the SUBJECT PREMISES including utility and telephone bills, mail envelopes, or addressed correspondence;

5. Records, information, and items relating to the ownership or use of computer equipment found in the above residence, including sales receipts, bills for Internet access, and handwritten notes;

6. Records and information relating to the identity or location of the persons suspected of violating the statutes described above;

7. Records with written or typed passwords, passcodes, or encryption keys that would be necessary to access data on computers, storage devices or electronic equipment described above;

8. Records and information written or typed that describe or document the violator's sexual interest in children.

As used above, the terms "records" and "information" include all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

The term "computer" includes all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions, including desktop computers, notebook computers, mobile phones, tablets, server computers, and network hardware.

The term "storage medium" includes any physical object upon which computer data can be recorded, including external and internal hard drives, flash drives, thumb drives, micro SD and macro SD cards, DVDs, gaming systems, SIM cards, cellular phones capable of storage, floppy disks, CDs, magnetic tapes, memory cards, memory chips, and other magnetic or optical media.

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| IN RE SEARCH OF ITEMS DESCRIBED IN ATTACHMENT A | ) | |
| LOCATED AT: | ) | |
| | ) | Case No. 1: 24-SW-205 |
| HSI EVIDENCE CONTROL ROOM 12200 SUNRISE VALLEY DRIVE RESTON, VIRGINIA | ) | **UNDER SEAL** |

**AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH AND SEIZE**

I, Richard Greene, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination and seizure of the items described in Attachment B from the property described in Attachment A.

2. I am a Special Agent of the U.S. Department of Homeland Security, Homeland Security Investigations ("HSI"), and I have been so employed since in or around November 2021. I am currently assigned to the Child Exploitation Unit in Reston, Virginia. While employed by HSI, I have investigated federal criminal violations related to child exploitation and child pornography. I have gained experience through everyday work related to conducting these types of investigations. During my career as an HSI special agent, I have (a) participated in the execution of search warrants and arrest warrants for various crimes; (b) reviewed and analyzed numerous recorded conversations and other documents of criminal activity; (c) interviewed victims and

suspects of criminal investigations; and (d) conducted physical surveillance of individuals engaged in various crimes. I am a federal law enforcement officer who enforces federal criminal laws, including 18 U.S.C. §§ 2251, 2252, and 2252A. As a Federal Agent, I am authorized to investigate violations of United States laws and to execute warrants issued under the authority of the United States.

3. As described more herein, this affidavit is being made in support of a federal search warrant for digital devices initially obtained through a residential search warrant on a residence located in Mount Pleasant, South Carolina. As specified herein and in Attachment A, the digital devices obtained are now located in the evidence control room at the HSI DC office located at 12200 Sunrise Valley Drive, Reston, VA 20191. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C. §§ 2252(a) and 2251 have been committed by Christopher SCHOENMANN. There is also probable cause to search the information described in Attachment A for the items further described in Attachment B.

**IDENTIFICATION OF THE DEVICE TO BE EXAMINED**

4. The property to be searched is the electronically stored information from the following devices:

- One Apple iPad Model A1219 - SN: HN0486CD238
- One Amazon Kindle Tablet - SN: G000PP1311850AGT
- One Amazon Kindle Tablet - SN: G000CPK11222104BG
- One Amazon Kindle Tablet Model SV986N- SN: 2AFTF1013
- One Amazon Kindle Tablet SN: ZAP756784

- One Apple iPad Pro A2228 SN: DMPFGHCANRC9
- One Apple iPad Model A1474 SN: DLXN5DTRFK11
- One HP ELITEBOOK 840GB SN: 5CG1348R3D
- One HP ELITEBOOK 820GB SN: 5CG7180TKB
- One Acer Chromebook SN: NKGC2AA024941013E87200
- One HP Probook SN: A2330821
- One Seagate HDD-Hard Drive SN: SVMILNTR
- One San Disk SSD- Hard Drive SN: 2238FL405496
- One Samsung SSD- Hard Drive SN: S3PTNF0JB70603V
- One Western Digital My Passport EXT HD SN: WX41E5095800T
- One San Disk Cruzer 32 GB- Hard Drive
- One San Disk Cruzer 8 GB- Hard Drive
- One San Disk Cruzer 16 GB- Hard Drive
- One San Disk SDHC Card 4GB- Hard Drive
- One Cannon Compact Flash Card FC - 32MH
- One Lexar Multi-use SDHC 4 GB- SD Card
- One San Disk 256 MB- SD CardOne Lexar SD Card 1GB
- One Lexar Multi-use SDHC 8 GB
- One Lexar Platinum II SDHC 8 GB
- One Dell Accision T3400 6MKRF-3JB8Q
- One Apple iMac A1418 SN: D25KG0SVDNMM
- One Apple iPhone A1387 BCG-E2430A

- One Blackberry 8330 MEID: A000000DB953F5859
- One Blackberry 8330 MEID: A000000DFF2FC1
- One Google Pixel Cellphone* (see ¶10)

All of the listed electronic devices, hereinafter "**COLLECTIVE ELECTRONIC DEVICES**," were seized on April 28, 2023, during a residential search warrant issued by a South Carolina state judge executed by HSI Charleston, South Carolina and Mount Pleasant Police Department. The **COLLECTIVE ELECTRONIC DEVICES** are currently held by HSI DC located at 12200 Sunrise Valley Drive, Reston, VA 20191 after being released from HSI Charleston.

5. The applied-for warrant would authorize the review of the electronically stored information from the COLLECTIVE ELECTRONIC DEVICES for the purpose of identifying electronically stored data particularly described in Attachment B.

**PROBABLE CAUSE**

6. On April 27, 2023, HSI Charleston, received a request for assistance from Mount Pleasant Police Department regarding a production and potential hands-on investigation pertaining to Christopher SCHOENMANN. This investigation was the result of information received from Lake City Police Department regarding WhatsApp User - [redacted]4826@whatsapp.net later identified utilizing IP addresses 108.213.200.98 and 71.114.26.25 to distribute and receive CSAM with Matthew RAHN who was arrested in 2022 for child exploitation related charges in Minnesota.

7. A forensic review of RAHN's device resulted in the recovery of child sexual abuse material (CSAM) images and conversations between RAHN and WhatsApp User - [redacted]4826 which ultimately led to the identification of Christopher George SCHOENMANN (DOB: [redacted]/81) at [redacted] Mount Pleasant, South Carolina.

8. Matthew RAHN, utilizing the WhatsApp application was communicating with [redacted]4826@s.whatsapp.net between July 24, 2019, to August 26, 2022. RAHN and [redacted]4826@s.whatsapp.net engaged in sexual related conversations about engaging in sexual conduct with [redacted] and distributing CSAM to each other on a regular basis. The images RAHN distributed were images of his biological child.

9. Through the course of the investigation, it was determined that the IP addresses resolved back to [redacted], Mount Pleasant, South Carolina via AT & T and Christopher SCHOEMANN at [redacted], Reston, Virginia via Verizon. The Verizon records for SCHOEMANN listed a telephone number of [redacted]-4826 under the subscriber information. A check of public records was conducted on Christopher SCHOEMANN and [redacted]. It was determined that [redacted], Reston, Virginia and [redacted], Mount Pleasant, South Carolina were previous addresses associated with SCHOENMANN. An address of [redacted], Mount Pleasant, South Carolina was found for [redacted]. It was determined through surveillance that Christopher and [redacted] resided at [redacted], Mount Pleasant, South Carolina with [redacted].

10. On April 28, 2023, HSI Charleston, South Carolina assisted Mount Pleasant Police Department, Charleston County Sheriff's Office, and Charleston Police Department in the execution of a state search warrant at [redacted] Mount Pleasant, South Carolina, 29466. A forensic preview of electronic devices seized from SCHOENMANN's residence contained numerous images and videos of child sexual abuse material (CSAM). Some of the images are described as follows and were located on the Google Pixel cellphone (listed as one of the devices on Attachment A):

a. **<u>**-File Name - IMG-20220317-WA0009.jpg.</u>** – depicts a minor female victim (MV1) laying on a white with black polka dots changing station blanket. MV1 is nude from the waist down and the focus of the image is the vaginal area. There is an erect adult male penis hovering over the vaginal area of MV1.

b. **<u>**-File Name - IMG-20220317-WA0009.jpg.</u>** – depicts MV1 laying the white with black polka dots changing station blanket. She is nude from the waist down and the focus of the image is the vaginal area. An adult male's hand is manipulating the MV1's hip and legs so that the vaginal and anus areas are opened.

c. **<u>**-File Name - IMG-20220317-WA0010.jpg. -</u>** depicts MV1 laying on the white with black polka dots changing station blanket. She is nude from the waist down and the focus of the image is the vaginal area. An adult male's hand is manipulating the MV1's hip and legs so that the vaginal and anus area is opened. These images are a part of a series of images that corresponds with text messages exchanged between SCHOENMANN and RAHN sent via WhatsApp from SCHOENMANN's phone on or about March 17, 2022. On Aril 28, 2023, HSI agents spoke with [redacted], [redacted]. [redacted] *was shown sanitized versions of the series and positively identified the child laying on changing a station blanket as* [redacted] *(year of birth 2020).* [redacted] *estimated MV1's age as close to two (2) years of age when the photo was taken.* [redacted] *confirmed that the photos were taken at their prior residence in Reston, VA. She informed the agents that she was still in possession of the white changing station blanket with black polka dots and surrendered the blanket to law enforcement to be processed as evidence.*

d. **File Name - IMG-20220422-WA0002.jpg.** – depicts a minor female victim (MV2) laying on a bed with white sheets with pink flamingos on the sheets. MV2 has a terry cloth towel or robe wrapped around her mid-section. The image is focused on MV2's genitalia. The terry cloth is white with large black circles on it.

e. **File Name - IMG-20220422-WA0003.jpg.** – depicts MV2 laying on a bed with white sheets with pink flamingos on the sheets, and MV2 is wrapped in a terry cloth towel or robe around her mid-section. MV2 is laying on her back while her vagina is exposed. The focus of the image is MV2's vaginal area. The terry cloth is white with large black circles on it. These images are a part of a series of images that corresponds with text messages exchanged between SCHOENMANN and RAHN sent via WhatsApp from SCHOENMANN's phone on or about April 22, 2022. [redacted] *was shown sanitized versions of the series and positively identified the child laying on changing a station blanket as* [redacted] *(year of birth 2013).* [redacted] *estimated MV2's age as eight (8) years of age when the photo was taken.* [redacted] *informed the agents that the sheets that were on the bed belonged to MV2.* [redacted] *indicated that the images were taken in Reston, Virginia after MV1 was born (2020).*

11. Following the execution of the residential search warrant, the **COLLECTIVE ELECTRONIC DEVICES** were subsequently seized as evidence by HSI Charleston. During the investigation, it was determined that SCHOENMANN was distributing images of [redacted] from his residence in Reston, Virginia and Mount Pleasant, South Carolina.

12. During the state search warrant conducted by HSI Charleston, SCHOENMANN had a mobile device in his possession. The mobile device was identified by [redacted] as having the

phone number [redacted]-4826. HSI Charleston conducted a forensics review of the COLLECTIVE ELECTRONIC DEVICES, but transferred possession of the items to HSI DC given that many of the crimes occurred within this District. I seek this additional warrant out of an abundance of caution to be certain that an examination of the Device will comply with the Fourth Amendment and other applicable laws and case law in the Fourth Circuit.

13. The electronically stored information from the COLLECTIVE ELECTRONIC DEVICES described in Attachment A and obtained through the search warrant obtained by HSI Charleston is located at Homeland Security Investigations, 12200 Sunrise Valley Drive, Reston, Virginia, 20191.

## TECHNICAL TERMS

14. Based on my training and experience, I use the following technical terms to convey the following meanings:

a. Wireless telephone: A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and

downloading information from the Internet. Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

b. Digital camera: A digital camera is a camera that records pictures as digital picture files, rather than by using photographic film. Digital cameras use a variety of fixed and removable storage media to store their recorded images. Images can usually be retrieved by connecting the camera to a computer or by connecting the removable storage medium to a separate reader. Removable storage media include various types of flash memory cards or miniature hard drives. Most digital cameras also include a screen for viewing the stored images. This storage media can contain any digital data, including data unrelated to photographs or videos.

c. GPS: A GPS navigation device uses the Global Positioning System to display its current location. It often contains records the locations where it has been. Some GPS navigation devices can give a user driving or walking directions to another location. These devices can contain records of the addresses or locations involved in such navigation. The Global Positioning System (generally abbreviated "GPS") consists of 24 NAVSTAR satellites orbiting the Earth. Each satellite contains an extremely accurate clock. Each satellite repeatedly transmits by radio a mathematical representation of the current time, combined with a special sequence of numbers. These signals are sent by radio, using specifications that are publicly available. A GPS antenna on Earth can receive those signals. When a GPS antenna receives signals from at least four satellites, a computer connected to that antenna can mathematically calculate the antenna's latitude, longitude, and sometimes altitude with a high level of precision.

d. PDA: A personal digital assistant, or PDA, is a handheld electronic device used for storing data (such as names, addresses, appointments or notes) and utilizing computer programs. Some PDAs also function as wireless communication devices and are used to access

the Internet and send and receive e-mail. PDAs usually include a memory card or other removable storage media for storing data and a keyboard and/or touch screen for entering data. Removable storage media include various types of flash memory cards or miniature hard drives. This removable storage media can store any digital data. Most PDAs run computer software, giving them many of the same capabilities as personal computers. For example, PDA users can work with word-processing documents, spreadsheets, and presentations. PDAs may also include global positioning system ("GPS") technology for determining the location of the device.

e. IP Address: An Internet Protocol address (or simply "IP address") is a unique numeric address used by computers on the Internet. An IP address is a series of four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178). Every computer attached to the Internet computer must be assigned an IP address so that Internet traffic sent from and directed to that computer may be directed properly from its source to its destination. Most Internet service providers control a range of IP addresses. Some computers have static—that is, long-term—IP addresses, while other computers have dynamic—that is, frequently changed—IP addresses.

f. Internet: The Internet is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the internet connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

15. Based on my training, experience, and research, I know that the Device has capabilities that allow it to serve as a wireless telephone, digital camera, portable media player, GPS navigation device, and PDA. In my training and experience, examining data stored on devices

of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

16. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

17. Forensic evidence. As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Device was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the Device because:

a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file

b. Forensic evidence on a device can also indicate who has used or controlled the device. This “user attribution” evidence is analogous to the search for “indicia of occupancy” while executing a search warrant at a residence.

c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

d. The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

18. Nature of examination. Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

19. Manner of execution. Because this warrant seeks only permission to examine a device already in law enforcement's possession or previously in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

20. I submit that this affidavit supports probable cause for a search warrant authorizing the examination and search of the information described in Attachment A to seize the items described in Attachment B.

Respectfully submitted,

RICHARD A GREENE Digitally signed by RICHARD A GREENE Date: 2024.03.26 10:52:23 -04'00'

Special Agent Richard Greene
Homeland Security Investigations

Received by reliable electronic means and sworn to before me over the telephone and signed by me pursuant to Fed. R. Crim. P. 4.1 on this 27th day of March 2024.

Lindsey R Vaala Digitally signed by Lindsey R Vaala Date: 2024.03.27 10:49:13 -04'00'

The Honorable Lindsey R. Vaala
United States Magistrate Judge
Alexandria, Virginia

**ATTACHMENT A**

**DESCRIPTION OF THE ITEMS TO BE SEARCHED**

The items to be searched are the following items:

**Items obtained pursuant to residential search of [redacted], Mount Pleasant, SC 29466 on April 28, 2023**.

- One Apple iPad Model A1219 - SN: HN0486CD238
- One Amazon Kindle Tablet - SN: G000PP1311850AGT
- One Amazon Kindle Tablet - SN: G000CPK11222104BG
- One Amazon Kindle Tablet Model SV986N- SN: 2AFTF1013
- One Amazon Kindle Tablet SN: ZAP756784
- One Apple iPad Pro A2228 SN: DMPFGHCANRC9
- One Apple iPad Model A1474 SN: DLXN5DTRFK11
- One HP ELITEBOOK 840GB SN: 5CG1348R3D
- One HP ELITEBOOK 820GB SN: 5CG7180TKB
- One Acer Chromebook SN: NKGC2AA024941013E87200
- One HP Probook SN: A2330821
- One Seagate HDD-Hard Drive SN: SVMILNTR
- One San Disk SSD- Hard Drive SN: 2238FL405496
- One Samsung SSD- Hard Drive SN: S3PTNF0JB70603V
- One Western Digital My Passport EXT HD SN: WX41E5095800T
- One San Disk Cruzer 32 GB- Hard Drive
- One San Disk Cruzer 8 GB- Hard Drive
- One San Disk Cruzer 16 GB- Hard Drive
- One San Disk SDHC Card 4GB- Hard Drive
- One Cannon Compact Flash Card FC - 32MH

- One Lexar Multi-use SDHC 4 GB- SD Card
- One San Disk 256 MB- SD CardOne Lexar SD Card 1GB
- One Lexar Multi-use SDHC 8 GB
- One Lexar Platinum II SDHC 8 GB
- One Dell Accision T3400 6MKRF-3JB8Q
- One Apple iMac A1418 SN: D25KG0SVDNMM
- One Apple iPhone A1387 BCG-E2430A
- One Blackberry 8330 MEID: A000000DB953F5859
- One Blackberry 8330 MEID: A000000DFF2FC1
- One Google Pixel Cellphone

The times are presently located at the "Evidence Control Room" of Homeland Security Investigations Reston Office located at 12200 Sunrise Valley Dr., Reston, VA, within the Eastern District of Virginia.

## ATTACHMENT B

## PROPERTY TO BE SEIZED

The following materials, which constitute evidence of the commission of a criminal offense, contraband, the fruits of crime, or property designed or intended for use or which is or has been used as the means of committing a criminal offense, namely violations of 18 U.S.C. §§ 2252(a) and 2251:

1. Records and information relating to child pornography, child erotica, and visual depictions of minors engaged in sexually explicit conduct;

2. For any computer or storage medium whose seizure is otherwise authorized by this warrant, and any computer or storage medium that contains or in which is stored records or information that is otherwise called for by this warrant (hereinafter, "COMPUTER"):

a. Evidence of who used, owned, or controlled the COMPUTER at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chats," instant messaging logs, photographs, and correspondence;

b. Evidence of software that would allow others to control the COMPUTER, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

c. Evidence of the lack of such malicious software;

d. Evidence indicating how and when the computer was accessed or used to determine the chronological context of computer access, use, and events relating to the crime(s) under investigation and to the computer user;

e. Evidence indicating the computer user's knowledge and/or intent as it relates to the crime(s) under investigation;

f. Evidence of the attachment to the COMPUTER of other storage devices or similar containers for electronic evidence;

g. Evidence of programs (and associated data) that are designed to eliminate data from the COMPUTER;

h. Evidence of the times the COMPUTER was used;

i. Passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER;

j. Documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;

k. Records of or information about Internet Protocol addresses used by the COMPUTER;

l. Records of or information about the COMPUTER's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses; and

m. Contextual information necessary to understand the evidence described in this attachment.

3. Routers, modems, and network equipment used to connect computers to the Internet;

4. Records, information, and items relating to the occupancy or ownership of the SUBJECT PREMISES including utility and telephone bills, mail envelopes, or addressed correspondence;

5. Records, information, and items relating to the ownership or use of computer equipment found in the above residence, including sales receipts, bills for Internet access, and handwritten notes;

6. Records and information relating to the identity or location of the persons suspected of violating the statutes described above;

7. Records with written or typed passwords, passcodes, or encryption keys that would be necessary to access data on computers, storage devices or electronic equipment described above;

8. Records and information written or typed that describe or document the violator's sexual interest in children.

As used above, the terms "records" and "information" include all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

The term "computer" includes all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions, including desktop computers, notebook computers, mobile phones, tablets, server computers, and network hardware.

The term “storage medium” includes any physical object upon which computer data can be recorded, including external and internal hard drives, flash drives, thumb drives, micro SD and macro SD cards, DVDs, gaming systems, SIM cards, cellular phones capable of storage, floppy disks, CDs, magnetic tapes, memory cards, memory chips, and other magnetic or optical media.

AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means ☑ Original ☐ Duplicate Original

# UNITED STATES DISTRICT COURT

for the

Eastern District of Virginia

IN RE SEARCH OF ITEMS DESCRIBED IN ATTACHMENT A

LOCATED AT:

HSI EVIDENCE CONTROL ROOM
12200 SUNRISE VALLEY DRIVE
RESTON, VIRGINIA

Case No. 1:24-SW-205

**UNDER SEAL**

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the Eastern District of Virginia *(identify the person or describe the property to be searched and give its location)*:

SEE ATTACHMENT A, incorporated herein by this reference.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

SEE ATTACHMENT B, incorporated herein by this reference.

**YOU ARE COMMANDED** to execute this warrant on or before April 10, 2024 *(not to exceed 14 days)*

☐ in the daytime 6:00 a.m. to 10:00 p.m. ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to Honorable Lindsey R. Vaala.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*

☐ for ____ days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of ________.

Date and time issued: 03/27/2024 10:45 am

Lindsey R Vaala Digitally signed by Lindsey R Vaala Date: 2024.03.27 10:55:16 -04'00'
*Judge's signature*

City and state: Alexandria, Virginia

Honorable Lindsey R. Vaala, U.S. Magistrate Judge
*Printed name and title*

AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

## Return

| Case No.: 1:24-SW-205 | Date and time warrant executed: | Copy of warrant and inventory left with: |
|---|---|---|

Inventory made in the presence of :

Inventory of the property taken and name(s) of any person(s) seized:

## Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: ______________________

______________________________
*Executing officer's signature*

______________________________
*Printed name and title*

**ATTACHMENT A**

**DESCRIPTION OF THE ITEMS TO BE SEARCHED**

The items to be searched are the following items:

**Items obtained pursuant to residential search of [redacted], Mount Pleasant, SC 29466 on April 28, 2023**.

- One Apple iPad Model A1219 - SN: HN0486CD238
- One Amazon Kindle Tablet - SN: G000PP1311850AGT
- One Amazon Kindle Tablet - SN: G000CPK11222104BG
- One Amazon Kindle Tablet Model SV986N- SN: 2AFTF1013
- One Amazon Kindle Tablet SN: ZAP756784
- One Apple iPad Pro A2228 SN: DMPFGHCANRC9
- One Apple iPad Model A1474 SN: DLXN5DTRFK11
- One HP ELITEBOOK 840GB SN: 5CG1348R3D
- One HP ELITEBOOK 820GB SN: 5CG7180TKB
- One Acer Chromebook SN: NKGC2AA024941013E87200
- One HP Probook SN: A2330821
- One Seagate HDD-Hard Drive SN: SVMILNTR
- One San Disk SSD- Hard Drive SN: 2238FL405496
- One Samsung SSD- Hard Drive SN: S3PTNF0JB70603V
- One Western Digital My Passport EXT HD SN: WX41E5095800T
- One San Disk Cruzer 32 GB- Hard Drive
- One San Disk Cruzer 8 GB- Hard Drive
- One San Disk Cruzer 16 GB- Hard Drive
- One San Disk SDHC Card 4GB- Hard Drive
- One Cannon Compact Flash Card FC - 32MH

- One Lexar Multi-use SDHC 4 GB- SD Card
- One San Disk 256 MB- SD CardOne Lexar SD Card 1GB
- One Lexar Multi-use SDHC 8 GB
- One Lexar Platinum II SDHC 8 GB
- One Dell Accision T3400 6MKRF-3JB8Q
- One Apple iMac A1418 SN: D25KG0SVDNMM
- One Apple iPhone A1387 BCG-E2430A
- One Blackberry 8330 MEID: A000000DB953F5859
- One Blackberry 8330 MEID: A000000DFF2FC1
- One Google Pixel Cellphone

The times are presently located at the "Evidence Control Room" of Homeland Security Investigations Reston Office located at 12200 Sunrise Valley Dr., Reston, VA, within the Eastern District of Virginia.

## ATTACHMENT B

## PROPERTY TO BE SEIZED

The following materials, which constitute evidence of the commission of a criminal offense, contraband, the fruits of crime, or property designed or intended for use or which is or has been used as the means of committing a criminal offense, namely violations of 18 U.S.C. §§ 2252(a) and 2251:

1. Records and information relating to child pornography, child erotica, and visual depictions of minors engaged in sexually explicit conduct;

2. For any computer or storage medium whose seizure is otherwise authorized by this warrant, and any computer or storage medium that contains or in which is stored records or information that is otherwise called for by this warrant (hereinafter, "COMPUTER"):

a. Evidence of who used, owned, or controlled the COMPUTER at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chats," instant messaging logs, photographs, and correspondence;

b. Evidence of software that would allow others to control the COMPUTER, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

c. Evidence of the lack of such malicious software;

d. Evidence indicating how and when the computer was accessed or used to determine the chronological context of computer access, use, and events relating to the crime(s) under investigation and to the computer user;

e. Evidence indicating the computer user's knowledge and/or intent as it relates to the crime(s) under investigation;

f. Evidence of the attachment to the COMPUTER of other storage devices or similar containers for electronic evidence;

g. Evidence of programs (and associated data) that are designed to eliminate data from the COMPUTER;

h. Evidence of the times the COMPUTER was used;

i. Passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER;

j. Documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;

k. Records of or information about Internet Protocol addresses used by the COMPUTER;

l. Records of or information about the COMPUTER's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses; and

m. Contextual information necessary to understand the evidence described in this attachment.

3. Routers, modems, and network equipment used to connect computers to the Internet;

4. Records, information, and items relating to the occupancy or ownership of the SUBJECT PREMISES including utility and telephone bills, mail envelopes, or addressed correspondence;

5. Records, information, and items relating to the ownership or use of computer equipment found in the above residence, including sales receipts, bills for Internet access, and handwritten notes;

6. Records and information relating to the identity or location of the persons suspected of violating the statutes described above;

7. Records with written or typed passwords, passcodes, or encryption keys that would be necessary to access data on computers, storage devices or electronic equipment described above;

8. Records and information written or typed that describe or document the violator's sexual interest in children.

As used above, the terms "records" and "information" include all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

The term "computer" includes all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions, including desktop computers, notebook computers, mobile phones, tablets, server computers, and network hardware.

The term “storage medium” includes any physical object upon which computer data can be recorded, including external and internal hard drives, flash drives, thumb drives, micro SD and macro SD cards, DVDs, gaming systems, SIM cards, cellular phones capable of storage, floppy disks, CDs, magnetic tapes, memory cards, memory chips, and other magnetic or optical media.